REMAND/MADE JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | EDCV 10-189-GW(DTBx) | Date | March 29, 2010 |
| Title | Oscar R. Portillo, et al. v. Wells Fargo Bank, NA, et al. | | |

Present: The Honorable **GEORGE H. WU, UNITED STATES DISTRICT JUDGE**

| Javier Gonzalez | Gary George | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs: Attorneys Present for Defendants:

None Present      Valerie K. Brennan

**PROCEEDINGS:** DEFENDANTS' MOTION TO DISMISS THE COMPLAINT (filed 02/11/10)

Hearing is held. Plaintiffs in pro per, are not present. The tentative circulated is hereby adopted as the Court's final ruling (attached). Defendants' Motion to Dismiss the Complaint is **granted with prejudice** as to the TILA cause of action, declines to maintain supplemental jurisdiction over the remaining state law claims pursuant to 2 U.S.C. § 1367(c)(3), and **remands** the matter back to the San Bernardino County Superior Court, Rancho Cucamonga (CIVRS 903597).

: 02

Initials of Preparer   JG

***Portillo, et al. v. Wells Fargo Bank N.A., et al.***, Case No. CV-10-0189
Tentative Ruling on Motion to Dismiss the Complaint

According to the parties bringing this motion, pro per plaintiffs Oscar R. Portillo and Hada E. Portillo (collectively "Plaintiffs") filed suit on or about April 6, 2009, in San Bernardino County Superior Court against defendants Wells Fargo Bank, National Association, as Trustee (erroneously sued as Wells Fargo Bank N.A. as Trustee) ("Wells"), The Lending Company, Inc. ("TLC"), EMC Mortgage Corporation (erroneously sued as EMC Mortgage Corpporation [*sic*]) ("EMC"), and Aztec Foreclosure Corporation. The case was removed to Federal court on February 4, 2010. Plaintiffs' Complaint contains 10 claims for relief: 1) Truth in Lending Act ("TILA") violations; 2) slander of title; 3) fraud (misrepresentation); 4) to void a contract based on the impossibility of performance (Cal. Civ. Code §§ 1411, 1511, 1595, et seq.); 5) breach of fiduciary duty; 6) violation of Cal. Bus. & Prof. Code § 17200 et seq.; 7) violation of Cal. Civ. Code § 1632; 8) intentional infliction of emotional distress; 9) injunctive relief; and 10) quiet title. All but the first claim are only before this Court by way of supplemental jurisdiction. Wells and EMC now seek to dismiss Plaintiffs' Complaint. Plaintiffs have not opposed the motion.

Plaintiffs' case concerns real property they own in Rancho Cucamonga. *See* Complaint ¶ 3. On or about November 28, 2006, TLC extended Plaintiffs a "pick a payment option note with balloon feature" ARM loan. *See id.* ¶¶ 4-5. They claim that, in connection with the loan, TLC prepared a residential loan application which mis-stated the gross income information Plaintiffs provided them. *See id.* ¶¶ 7-8. Plaintiffs also allege that the "purportedly original beneficiary" of the Deed of Trust never assigned its interest to any "purported holder in due course" of the Note evidencing the loan obligation. *See id.* ¶ 9. EMC conducted a trustee's sale of the property on January 14, 2009, transferring title in the property to Wells. *See id.* ¶¶ 10, 64.

Because the Court would not continue to maintain supplemental jurisdiction over the state law claims 2 through 10 in the Complaint if the sole federal cause of action is dismissed, it will presently only examine the sufficiency of Plaintiffs' TILA claim. Plaintiffs do not actually allege any particular TILA violation, instead alleging that they

have their closing documents, are concluding an audit of those documents, and will amend their Complaint in the future. *See id.* ¶¶ 18-19. This is plainly insufficient to state <u>any</u> claim under TILA. Wells and EMC have also provided judicially-noticeable materials demonstrating that the property has already been sold at a Trustee's sale. *See* Request for Judicial Notice, Exh. 6. In addition, Plaintiffs' failure to oppose the instant motion may be viewed as conceding that the Court should grant it. *See* Central District of California Local Rule 7-12 ("The failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion.").

       Ordinarily, the Court would allow Plaintiffs to amend their Complaint to attempt to state a claim under TILA, indicating that, if they fail to do so, it would grant a further motion to dismiss that claim with prejudice, decline to exercise supplemental jurisdiction over the remaining state claims pursuant to 28 U.S.C. § 1367(c)(3), and remand the remainder of the action to state court. Here, however, Wells and EMC have demonstrated that Plaintiffs have *no hope* of amending to allege a TILA claim because the one-year limitation period for damages has expired, the three-year period for rescission is inapplicable because the property has been sold (and the rescission claim was not brought before that event), and Plaintiffs, having not opposed the instant motion, have offered no suggestion as to how they might claim equitable tolling to preclude the running of at least the one-year damages period. *See* Request for Judicial Notice, Exhs. 1-2, 5-6; 15 U.S.C. § 1635(f) ("An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first...."); 15 U.S.C. § 1640(e). As such, the Court is justified in granting the motion to dismiss Plaintiffs' TILA claim without leave to amend, declining (pursuant to 28 U.S.C. § 1367(c)(3)) to exercise supplemental jurisdiction over the remaining claims, and remanding the matter to state court.

       For the above reasons, the Court grants the motion to dismiss with prejudice as to the TILA cause of action, declines to maintain supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3), and remands the matter back to state court forthwith.